IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEBRA G. LITTLE,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-158 (MTT) |
| **FORT VALLEY STATE UNIVERSITY,** | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the Defendant's Motion to Dismiss in Lieu of Answer (the "Motion"). (Doc. 2). The Plaintiff did not file a response to the Motion. For the following reasons, the Motion is granted.[1]

### I. STATEMENT OF FACTS

The Plaintiff's complaint alleges that her former employer violated Title VII of the Civil Rights Act of 1964. However, because the Plaintiff asserts she was discriminated against on account of her learning disability, her claim is more appropriately analyzed under § 504 of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* (the "ADA").

---

[1] The Court acknowledges that the Defendant's Motion to Dismiss in Lieu of Answer contains preemptive references to possible allegations against individuals not named in the lawsuit. The Court will not discuss the merits of possible claims against individuals not named in the original lawsuit.

Prior to filing this complaint, the Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and was issued a Dismissal and Notice of Right to Sue on February 7, 2011.  The Plaintiff filed her complaint on April 22, 2011(Doc. 1), and the Defendant then filed this Motion on July 12, 2011.

## II.  DISCUSSION

### A. Motion to Dismiss Standard

In determining whether to dismiss a case under Rule 12(b)(6), the Court must take the facts plead in the complaint as true and resolve any ambiguities in favor of the plaintiff.  *In re Johannessen*, 76 F.3d 347, 350 (11th Cir. 1996).  If, after accepting plaintiff's allegations as true, plaintiff's complaint fails to state a claim upon relief should be granted, the Court should dismiss the claim.

### B. Eleventh Amendment Immunity and the ADA

The Plaintiff brings an ADA claim against the Defendant alleging that she was discriminated against based on her learning disability.  (Doc. 1).  The named Defendant is Fort Valley State University.  However, Fort Valley State University is not a proper defendant to this claim.  The Board of Regents of the University System of Georgia is the legal entity responsible for the alleged acts and omissions of Fort Valley State University.  *McCafferty v. Med. Coll. of Ga.*, 249 Ga. 62, 64, 287 S.E. 2d 171, 173 (1982) (*overruled on other grounds by Self v. City of Atlanta*, 259 Ga. 78, 377 S.E. 2d 674 (1989)); *Barnes v. Zaccari,* 757 F. Supp. 2d 1313 (M.D. Ga. 2010).  Thus, the Board of Regents is the proper defendant.

Typically, the Court would allow the Plaintiff pursuant to Federal Rule of Civil Procedure 15 to amend her complaint to join the proper party. *See* Fed. R. Civ. P. 15(a)(1). However, a "district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United. Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (internal quotation marks and citation omitted). Because requiring Plaintiff to amend her complaint to include the Board of Regents as the proper defendant would be futile, or ineffective, the Court will analyze the Motion as if Plaintiff had properly alleged her claim against the Board of Regents, instead of Fort Valley State University.

Generally, the Eleventh Amendment bars suits against a State or one of its agencies, departments, or officials, absent a waiver by the State or a valid congressional override, when the State is a real party in interest or when monetary recovery would essentially be paid from State funds. *Dekalb Cnty. Sch. Dist. v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997); *See also Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The Board of Regents of the University System of Georgia is an arm of the State of Georgia and is entitled to the same Eleventh Amendment immunity as the state itself. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301-02 (11th Cir. 2007). Because Congress has not explicitly waived the State of Georgia's immunity nor has the State by its own actions waived its immunity to actions brought under Title I of the ADA, the Plaintiff's claim against the Board of Regents is barred. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) (holding that suits in federal courts by state employees to recover money damages by reason of the State's failure to comply with Title I of the ADA are barred by the Eleventh Amendment).

-4-

## III. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is GRANTED.

**SO ORDERED,** this 7th day of September, 2011.

                                          <u>S/ Marc T. Treadwell</u>
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT

bnw